# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 21-40289
Summary Calendar

Masoud Michael Tafacory,

*Plaintiff—Appellant*,

*versus*

Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-6, Asset-backed Certificates, Series 2006-6,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CV-886

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

The Texas Constitution provides that a home equity loan may not exceed eighty percent of the home's fair market value on the date the loan is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

made. TEX. CONST. art. XVI, § 50(a)(6)(B). If a lender violates this provision, it forfeits the loan's principal and interest. *Id.* § 50(a)(6)(Q)(x). However, a lender may conclusively rely on a homeowner's written acknowledgement of a property's fair market value when the acknowledged value matches the property's appraised value, unless the lender has actual knowledge that this value is incorrect. *Id.* § 50(h).

On May 25, 2006, Masoud Michael Tafacory executed a $584,000 home equity loan with Long Beach Mortgage Company. That same day, Tafacory signed a fair market value acknowledgement stating that his home had a value of $730,000, which was consistent with both the home's appraised value and the Texas Constitution's requirement that a home equity loan not exceed eighty percent of a home's value. Tafacory subsequently defaulted on the loan.

Deutsche Bank (the "Bank") was assigned Tafacory's loan in December 2017. In October 2019, the Bank informed Tafacory that it had decided to accelerate the maturity of the debt and to foreclose on the property. Tafacory responded by filing suit against the Bank in Texas state court. The Bank removed the case to federal court, filed a counterclaim for an order authorizing foreclosure, and moved for summary judgment, arguing that the court should dismiss Tafacory's claims and enter judgment on its counterclaim. Tafacory filed a response to the motion. As the district court explained in its ruling on the motion, the "parties concur that the case turns on . . . whether the principal of the home equity loan at issue exceeded eighty percent of the fair market value of [Tafacory's home], in violation of the Texas Constitution."

Tafacory attached to his response an affidavit stating that a fire had occurred at his home on May 19, 2006, after the home had been appraised but before the loan had closed, that as a result of this fire his home's fair

market value had been lower than its appraised value on the date that the loan had closed, and that Long Beach had known about the fire before the loan had closed. Tafacory further explained that he subsequently signed the fair market value acknowledgement stating that his home had a value of $730,000 only because Long Beach representatives had insisted that he sign the closing documents without reading them.

The district court struck Tafacory's affidavit under the sham affidavit doctrine, explaining that Tafacory's statement that his home had a fair market value of less than $730,000 "impeach[es] his own sworn, written statements in 2006." The court also struck an appraiser's affidavit that Tafacory submitted because it relied entirely on the representations that Tafacory made in his affidavit. The court then granted Deutsche Bank's motion for summary judgment in its entirety and dismissed Tafacory's claims.

On appeal, Tafacory argues that the district court erred in disregarding the affidavits of Tafacory and the appraiser. We review a district court's decision to strike an affidavit under the sham affidavit doctrine for abuse of discretion. *Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019). "Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are 'so markedly inconsistent' with a prior statement as to 'constitute an obvious sham.'" *Id.* (citation omitted). Because Tafacory's statement in his affidavit that his home had a fair market value of less than $730,000 in 2006 directly contradicts his 2006 fair market value acknowledgement (which he signed post-fire) stating that his home was worth $730,000, the district court did not abuse its discretion by striking Tafacory's affidavit. The district court also did not err by disregarding the appraiser's affidavit on the grounds that it relied entirely on Tafacory's stricken affidavit. *See Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th

No. 21-40289

363, 368 (5th Cir. 2021) (explaining that a summary judgment motion cannot be defeated through "unsubstantiated assertions" (citation omitted)).

Tafacory does not challenge the district court's judgment on any other grounds. Accordingly, the district court's order granting summary judgment for Deutsche Bank and dismissing Tafacory's claims is AFFIRMED.